UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICHOLAS F. MARTIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.R. ENGLAND, INC. and EAGLE ATLANTIC FINANCIAL SERVICES, INC.,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>CASE NO. 4:19-cv-00033<br><br>DEMAND FOR JURY TRIAL |

# CLASS ACTION COMPLAINT

NOW comes NICHOLAS F. MARTIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of C.R. ENGLAND, INC. ("England") and EAGLE ATLANTIC FINANCIAL SERVICES, INC. ("Eagle") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a 30 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Flora, Indiana, which lies within the Northern District of Indiana.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. England is a trucking company holding itself out as "[t]he nation's most reliable refrigerated transportation company."[1] In connection with its operations, England offers individuals the opportunity to obtain financing in order to attend its schools and obtain a CDL license. England is a corporation organized under the laws of the state of Utah with its principal place of business located at 4701 West 2100 South, Salt Lake City, Utah.

7. England is a "creditor," as defined by 15 U.S.C. § 1692a(4), as it is a person who offers credit creating a debt or is a person to whom a debt is owed.

8. Eagle is a wholly owned subsidiary of England, subject to England's control, whose primary function is to go about collecting past due balances purportedly owed by consumers of England's services. Eagle is a corporation organized under the laws of the state of Utah and shares the same principal place of business as England – 4701 West 2100 South, Salt Lake City, Utah. Eagle and England also share several of the same individuals as principals. *See* Exhibit A.

---

[1] https://www.crengland.com/careers

9. Eagle is a debt collector, as defined by 15 U.S.C. § 1692a(6), because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

10. England is also a "debt collector," as defined by 15 U.S.C. § 1692a(6), as it is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

11. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

12. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTUAL ALLEGATIONS

13. The instant action arises out of Defendants' attempts to collect upon an outstanding student loan debt ("subject debt") Plaintiff is said to owe England.

14. Plaintiff contracted with England to enroll in one of its driving schools, and obtained financing offered through England to do so.

15. Purportedly, Plaintiff subsequently defaulted on that obligation, prompting Defendants to engage in their collection efforts.

16. For approximately one year preceding the filing of this Complaint, Eagle placed phone calls and sent emails to Plaintiff attempting to collect upon the subject debt.

17. In approximately July 2018, Plaintiff exchanged a series of emails with Eagle's representative named "Cynthia Sosa" wherein Ms. Sosa was attempting to collect the subject debt from Plaintiff.

18. On July 7, 2018, Ms. Sosa sent Plaintiff an email which stated, *inter alia,* "We are contracted to service out your tuition account. If you have a dispute you will need to direct that to CR England and their HR Department."

19. Approximately seven months later, Ms. Sosa again reached out to Plaintiff via email in an attempt to collect the subject debt.

20. Plaintiff and Ms. Sosa exchanged a series of emails on or about February 20, 2019.

21. At no point in any of the above referenced emails does Eagle identify itself as a debt collector as required by 15 U.S.C. § 1692e(11).

22. As such, Plaintiff was misled as to Eagle's true identity and the nature of England's role in the collection of the subject debt as Plaintiff was led to believe that Eagle was an unrelated third party to England.

23. Although Eagle was the entity purportedly sending the collection correspondences, the nature of its relationship with England renders England liable as a debt collector since England's control over Eagle illustrates that England is utilizing a name other than its own in an effort to collect its debts.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on his own behalf and as a class action on behalf of the following class:

> All persons in the state of Indiana who received a correspondence from Eagle during the one year preceding the filing of this action through the date of class certification that fails to disclose that such communication is from a debt collector.

25. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26. The Class consists of hundreds or more persons throughout the state of Indiana, such that joinder of all Class members is impracticable.

27. There are questions of law and fact that are common to the Class members that relate to Defendants' violations of the FDCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendants.

28. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether England is a debt collector under the FDCPA; (ii) whether Defendants violated the FDCPA by sending correspondences to class members without disclosing that the communication was from a debt collector; (iii) whether the correspondences sent to Class Members created confusion as to Eagle's status as a debt collector; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on

judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

<b><u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u></b>

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

    **a. Violations of 15 U.S.C § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

35. Defendants violated 15 U.S.C. §§ 1692e, e(10), and e(11) through Eagle's repeated failure to identify itself as a debt collector in its email exchanges with Plaintiff. Eagle's failure in this regard is a violation of the plain language of § 1692e(11), rendering Defendants liable for this violation.

    **b. Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing Eagle's status as a debt collector. Failing to disclose Eagle as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the true entity attempting to collect on the subject debt.

WHEREFORE, Plaintiff, NICHOLAS F. MARTIN, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 29, 2019                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                              Counsel for Plaintiff
Admitted in the Northern District of Indiana       Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com